United States Federal District Court

Southern District Of New York

| | | |
|---|---|---|
| Shomari E Norman | ) | **22 CV 03411** |
| Plaintiff | ) | |
| | ) | Complaint |
| | ) | |
| New York,   New York Child Support | ) | |
| Evonne Hopkins | ) | |
| Defendants | ) | |

PLAINTIFF DECLARATION OF AFFIDAVIT

**INTRODUCTION**

1. This is an action for relief from violations by the Defendants New York and New York Child support committing Fraud, and conspire against the rights, of the Plaintiff (Shomari E. Norman). The Plaintiff is to be free from all unlawful debt, deformations of character and slandered the Plaintiff credit committed by the Defendants.

2. The Plaintiff was never summons to appear into court in May or June of 2021 by New York Child Support Agency. The Plaintiff moved from Bronx New York on 3 March 2021 to Cincinnati, Ohio. Further, the court rendered a verdict without the Plaintiff being properly notified 20 CFR 725.453. New York, and New York child support conspired against the rights of the Plaintiff (Shomari E Norman). New York court was bias and prejudice without properly notifying the Plaintiff that is required by state law which makes the court ruling unconstitutional. The custodial parent never filed for child support to be transferred in the state of Georgia.

3. Further, Child Support has been taking money out of the Plaintiff State Employee Credit Union Bank account. Hence the funds that were taken out is not reflected as payment to the rears to child support. Child support has taken over $4,200 out of the Plaintiff State Employee Credit Union bank account which does not reflect on the Child Support ledger and data payment sheet.   Exhibit B, C.D, E. The garnishment from the Plaintiff Bank account by Child Support is not reported nor recorded as payment. Also, Child Support has over drafted the Plaintiff State Employee Credit Union Bank account.

(Exhibit F).

4.      North Carolina is one of many states which prohibits garnishment of a person personal bank account to protect the debtor. Judgement creditors may seek to evade these protections by serving the wage garnishment order on the consumer's employer's office. The Plaintiff receive VA benefits which is protected by Federal law of many exemptions of garnishment from personal bank account.

5.      The Plaintiff has petitioned North Carolina Child Support requesting for case review based on the Plaintiff losing his job in 2015 and is disabled. The Judge and Child support is supposed to use the income of the parent to determine how much an individual is supposed to pay. The Judge nor child support did not use the metric payment system to determine if the Plaintiff payment will be lower or increased. According to state law, Child Support has to establish support of the child by the parent income. If the parent loses his or her job Child Support has to reestablish the "New" payment level based on the income of the parent. The Plaintiff has not worked since 2015; The Plaintiff is DISABLED. Article 9 and Chapter 110 and N.C.G.S. 50-13.4 obligation of support. North Carolina child support never transferred the Plaintiff child support case to New York.

6.      North Carolina never reviewed the Plaintiff petition to the court. This has created an "Illegal Debt"(15 U.S.C. subchapter V) for the Plaintiff. By law Child Support is based on the Income of the parent.   Since Child Support has been notified several times by the Plaintiff, that the Plaintiff is not working, Child Support has not followed State rules and regulations that reestablishes a lower payment to Gwendolyn Norman.    This is conspiring against the rights of the Plaintiff.

7.      The Plaintiff notified North Carolina Child Support that a person by the name of Judy McArn, Chief NCCSS officer has authorize Child Support to collected funds out of the Plaintiff State Employee Credit Union Bank account and never reported the amount of money that was taken out to pay rears. Child Support claims there is no person by the name of Judy McArn (Exhibit K). Exhibit B, C, D, is a document from State Employee Credit Union annotating Child Support has ordered to take funds out of the Plaintiff personal bank account. Child Support has taken funds out of the Plaintiff State Employee Credit Union bank account 2 times over $1,200 and $534.95 twice and it was not reflected as payment to the rears Exhibit (B, C, D, E, F). Child Support over draft the Plaintiff State Employee Credit Union previous bank account. The Plaintiff had to pay over draft charges and the money child support took but Child Support did not report or record this payment (Exhibit J). The Child Support ledger does not reflect what was taken out of the Plaintiff State Employee Credit Union Bank account (Exhibit E, F). North Carolina child support committed Bank Fraud 18 U.S. Code 1344(2) under the color of law.

8.      The Plaintiff never received notice by North Carolina courts to appear to pay for the rears or there would be any garnishments to his bank account.    18 U.S. Code 1341- The Plaintiff was never notified about a garnishment to his account by Child Support. Thus, Child Support has taken funds out of the Plaintiff State Employee Credit Union account without recording payments.

9.      7 June 2021 New York Child Support put a LIEN of the Plaintiff bank account (Scope of Article 9 UCC). Chase Bank states that the "Lien" was court ordered. The Plaintiff was never notified to appear into New York court to pay the rears of any child support. This is conspiring against the rights of the

Plaintiff.   18 U.S. Code 47 Fraud and False Statements. The Plaintiff case was never transferred to New York. Any person under any investigation or court order has to be properly notified to appear.   The Plaintiff does not have access to his funds which is over $3,000. To compound the problem the Plaintiff no longer lives in New York for over 1 years and 3 months. The Plaintiff current resides in Cincinnati Ohio. Hence, when the Plaintiff lived in New York City for over 3 and a half years (Nov. 2017-Mar. 3, 2021) the plaintiff never heard from NY Child Support. The Plaintiff was never properly notified to appear into court in the year 2021.18 U.S. Code 1001(a)(1).

10.     The child support case originated in the state of North Carolina. The Plaintiff child support case was never transferred to the state of New York. The Plaintiff moved out of North Carolina in June 2016. The Plaintiff moved to Florida where he was paying partial support to North Carolina Child support in the mist of seeking employment. The Plaintiff partial payment to North Carolina child support is not reflected in North Carolina child support ledger as payment to the rears.   The Plaintiff failed to find a full-time job in Florida From June 2016- April 2017. In Florida the Plaintiff mail was being sent to Senator Rubio office. Senator Rubio office never received any mail from child support for the Plaintiff.   The Plaintiff then moved to South Carolina seeking employment from April 2017- Oct. 2017. The Plaintiff failed to find employment in South Carolina during that time. The Plaintiff never received any notice of hearing from North Carolina child support during those times.   These means that the Plaintiff child support case would had to be transferred from North Carolina to Florida. From Florida to South Carolina. From South Carolina child support office to New York child support office.

11.     North Carolina Attorney Evonne Hopkins lied to Judge Christine stating "Mr. Norman was notified to appear into court". Attorney Hopkins never notified the Plaintiff. Attorney Hopkins cannot prove she properly notified the Plaintiff (Shomari E Norman). The Plaintiff never missed any court date when he was properly notified by Attorney Hopkins and or the court of North Carolina. The Plaintiff 14th Amendment rights to "Due Process" has been violated. The Plaintiffs' Email clearly states " I was never notified by the courts, you, and or Gwendolyn to be in courts today" Exhibit 10. 28 U.S.C. 1738B(e)(1)(2)(A)(B); 28 U.S.C. 1738B(3)

12.     By law the attorney is obligated to report "New" and "Creditable" information to a case that may change the verdict that was given (Rule 3.3 Candor Toward The Tribunal). An Attorney may not make a false statement regarding facts or the law to the court The Brady rule has not been applied by Attorney Hopkins (Exhibit 10).   The Plaintiff lost "ALL" parental rights as a "Father" and has been trying to revise the decision that was made. The Plaintiff later showed Judge Christine and Attorney Evonne Hopkins that North Carolina Human Services found the Plaintiff not in need of services and the case was closed prior to Judge Christine verdict. The Plaintiff has shown that false testimony given by Attorney Hopkins has defamed the Plaintiff character in determining guardianship of the Plaintiff son (Exhibit A). The Plaintiff is a United States Veteran. Shomari E Norman Jr. is his 1st child. By law courts cannot separate a United States combat veteran from his 1st child without legitimate cause- 38 CFR 3.57 (1)(ii).

13.     The Plaintiff even notified the North Carolina State Bar and Judge Christine that under the law the Plaintiff has the right to be properly notified to appear into court and the Plaintiff has shown proof to both Judge Christine and the North Carolina State Bar (Exhibits 12). The Plaintiff even wrote the North

Carolina Judicial Standard Commission which has found troubling concerns with the way Attorney Evonne Hopkins and Judge Christine conduct the case involving the Plaintiff. Exhibit 11

14.     The Plaintiff requested for a court appointed attorney to represent him in paying his Ex-Wife Attorney Fees to Attorney Hopkins. The Court appointed Attorney Rose to represent the Plaintiff in the matter.   Exhibit H. On 5 Jan 2015 Attorney Rose was then removed from the Plaintiff case in North Carolina without legal justification.    By law the court is obligated to have a legal explanation for the removal of legal counsel in a court case under the 6th Amendment of the United States Constitution. 15 U.S. Code 78z unlawful representation, there is no consent to release counsel by the Plaintiff that would warrant the removal of the court appointed attorney (Exhibit E).

15.     The Plaintiff filed a lawsuit in North Carolina Federal court about North Carolina (5:18-CV-343-D) child support stole funds from the Plaintiff State Employee Credit Union bank account. North Carolina Sheriff Department failed to deliver the summons to all parties in the case (Exhibit M). Which the Federal judge swiftly, undermined that fact and rendered a decision knowing that the Sheriff Department failed to serve a Defendant in the Federal case. The Plaintiff rights has been violated under the color of law. The courts and Evonne Hopkins conspired on the rights of the Plaintiff. Moreover, the Federal Judge never dismissed North Carolina Child Support Agency from civil action 5:18-CV-343-D.

16. The North Carolina Sheriff Department committed mail fraud 18 U.S.C. 63. United States Postal Service clear states that "NO" mail will be sent without a return address. Plaintiff Exhibit 50,51. Tempering of legal court document 18 U.S.C. 512(c)(2).

## JURISDICTION AND VENUE

17.     The Court has jurisdiction over the subject matter and the parties are pursuant to 28 U.S.C. 1331, as this case involves questions of Federal law. This Court has the jurisdiction pursuant to 28 U.S.C. 1343 because the Plaintiff seeks damages for violations of his civil rights.

18.     The Court has supplemental jurisdiction over the related state law claim pursuant to 28 U.S.C. 1367 claim form part of the same case or controversy under Article III of the United State Constitution. The Plaintiff state law claim share common operative facts with federal law claims and the parties are identical. Resolving the Plaintiff federal and state claims in a single action serves the interests of the judicial economy, convenience, consistency and fairness to the parties involved.

19.     Venue is proper and the Defendants are subject to the personal jurisdiction of this Court because the Defendants maintain business operations in the District of New York. Attorney Hopkins operates in North Carolina. Hence, Attorney Hopkins misleading, misinforming (Rule 3.3 Candor to The Tribunal) the Court in North Carolina has carried into New York jurisdiction which these events are still occurring.

20.     Part 212 Uniform Civil Rules for District Court. The Plaintiff actions shall be applicable to all actions and proceedings in the District Court of the State of New York. The Plaintiff was a New York domiciliary from March 2018-March 2020, the Defendants except Attorney Hopkins has a government

agency and business in New York; Under New York comparative negligence statue, C.P.L.R. 1411, "Culpable conduct attributable to a claimant (in a personal injury action) ......including contributory negligence or assumption of risk" does not bar recovery.

## NATURE OF THIS CIVIL ACTION

21.     This civil action is brought pursuant to Title VII of the Civil Rights Act of 1942. 42 U.S.C. 2000. Also, 18 U.S.C. 47 Fraud and False Statements made against the rights of the Plaintiff.

22.     The Plaintiff seeks injunctive and declaratory relief, compensatory damages, punitive damages, liquidated damages and penalties for violations of his Federal and New York statutory well-being in common law.

23.     Through this Complaint, the Plaintiff (Shomari E. Norman) rights in this action has been induced, impeded upon and violated by the Defendants.

## FACT OF THE CASE

24.     All material in this civil action are verified and documented on public record. The Plaintiff child support case originated in North Carolina.

25.     Evonne S. Hopkins lied before the courts stating " Wake county Human services find Mr. Norman to be unfit Father to Shomari Norman Jr." Exhibit A reflect that false testimony was given to the court.

26.     The Plaintiff was never notified to appear into court by Evonne S. Hopkins. The Plaintiff emailed Attorney Hopkins stating this fact. (Exhibit M)

27.     The Plaintiff filed a Motion 50B showing the court that North Carolina Human Services never requested for the Plaintiff to need any services. (Exhibit N)

27.     The Plaintiff wrote the North Carolina Judicial Standard Commission with concerns of the infraction Attorney Evonne S. Hopkins made before the court. Judge Lori Christian overlooked false statements made which caused the Plaintiff to lose his parental rights. (Exhibit K) Even the Judicial Standard Commission had concerns about the way the Plaintiff case was being handled.

28. The North Carolina State Bar was contacted about the misconduct of Attorney Hopkins. The review board even found Attorney Hopkins of negligence of implausible actions. (Exhibit L).

29.     When the Plaintiff was working in North Carolina, the Plaintiff signed a legal document which agreed for child support wages to be garnished from his employer income.

30.     The Plaintiff petitioned the court for child support to be lowered based on the fact of the Plaintiff losing his job (Exhibit G, H). 28 U.S.C. 1738B(e) Full Faith and credit for child support.

31.     North Carolina child support denied the Plaintiff child support payments to be lowered based on the Plaintiff losing his job. North Carolina violated the Plaintiff "Due Process" rights (14th Amendment)

in reestablishing support of his son (Shomari E. Norman Jr).

32. Plaintiff Exhibit B, C, D, E and, F shows North Carolina Child Support has garnished money from the Plaintiff Bank Account which is illegal in the state of North Carolina. The only source of income at that time was the Plaintiff VA benefit which protected by law to avoid any garnishment 28 U.S.C. 1728B(7). The garnished funds are not recorded on North Carolina child support records as a method of payment.

33. Child Support Ledger does not show that the funds that where garnished from the Plaintiff State Employee Credit Union account was payment to his rears of child support (Exhibit G, H)

34. North Carolina over drafted the Plaintiff State Employee Credit Union bank account Exhibit F. Which the Plaintiff covered the extra expense to State Employee Credit Union.

35. When the Plaintiff was working in North Carolina June 2012, and was is current standing with his child support; North Carolina child support slandered the Plaintiff credit through publication (Exhibit K) 26 U.S.C. 7206 slander of character on credit records.

36. North Carolina continued slandering the Plaintiff credit through Publication (Exhibit J)

37. The Plaintiff completed college (SHAW UNIVERSITY) with a major in Political Science and History. Minor in Education on 10 May 2016.

36. The Plaintiff could not Find employment in North Carolina after completing his degrees. The Plaintiff moved to Florida to seek employment.

37. When the Plaintiff moved to Pensacola Florida, he lived there for approx. 10 and half months. The Plaintiff was seeking employment and he was paying partial payment to North Carolina child support. North Carolina child support had not documented such partial payment on record to the rear. The Plaintiff mail was forwarded to Senator Rubio's' office. No notice of hearing by North Carolina child support was recorded by the Senators' office. (Exhibit 2)

38. The Plaintiff moved to Greenville South Carolina. The Plaintiff was seeking employment. North Carolina child support did not forward any request of hearing for payment of the rears of support of minor child Shomari E. Norman Jr.

39. The Plaintiff moved to New York City in Oct. 2018. The Plaintiff was seeking employment and housing. Exhibit P

40. SSVF helped the Plaintiff find housing in Feb. 2018. The Plaintiff into a house on 2 March 2018.

41. 5 March 2018 the Plaintiff vehicle was illegally seized by a towing company and later transported to LEIGH CHRYSLER JEEP dealership without the Plaintiff consent and knowledge. Currently, there is an open Federal case that is pending a verdict (20 CV 5560) [case was opened in Dec. 2020].

42. In May 2018 the Plaintiff filed a lawsuit against North Carolina child support, Evonne S. Hopkins,

Judge Lori Christine, and Marc Anthony for violating the Plaintiff rights (18 CV758).

43.     In the Plaintiff lawsuit it stated North Carolina child support has taken funds out of the Plaintiff State Employee Credit Union account.

44.     The Defense Attorney Motion to Dismiss claimed the is no employee by the Name Judy McArn. (Exhibit Q)

45.     The Garnishment document that State Employee Credit Union received was Certified by Judy McArn Chief NCCSS Exhibit B, C, and D.

46.     The Plaintiff was summons to court to pay for his Ex-Wife Attorney fee. The Plaintiff petition the court for a court appointed Attorney Exhibit R

47.     The courts appoint Attorney Rose to represent the Plaintiff in payment of his Ex-Wife Attorney Fee. Attorney Stauff is a Real Estate Attorney and did not know how to handle the Plaintiff case (Exhibit S). The Judge removed the Plaintiff court appointed counsel without legal justification and rendered a verdict.

48.     Plaintiff filed a Federal lawsuit against Evonne Hopkins, Marc Anthony, Judge Lori Christian and N.C. Child Support.

49. The Plaintiff paid the North Carolina Sheriff Department to service summons to the Defendants. The North Carolina Sheriff Department serviced all Defendants except 1 person. The Federal Judge was notified of this finding (Exhibit T).

50.     The North Carolina Sheriff Department sent to the Plaintiff all but 1 served Defendant in civil action5:18-CV-343-D. Ironically, the envelopes do not have a return address as requested by the United States Postal Service that's required for ALL mail to have. (Exhibit V).

51.     A Magistrate Judge dismiss Judge Lori Christine (Exhibit W) and the Judge that resided over the case dismiss all Defendants except North Carolina child support. The Judge presiding over the case dismiss the Defendants knowing that North Carolina Sheriff Department did not serve all Defendants in the case.

52.     While the Plaintiff lived in Bronx, New York; New York Child Support never contacted the Plaintiff.

53.     The Plaintiff moved out of Bronx, New York on 3 March 2021. Plaintiff moved to Cincinnati Ohio on the 4 March 2021. North Carolina Child support nor New York Child Support never contacted the Plaintiff.

54.     In June 2021 New York child but a Lien on the Plaintiff Chase Bank account (Exhibit Y).

55.     Exhibit Y was given to Chase Bank stating that the Plaintiff owes $68684.52 to child support.

56.     The Plaintiff in June 2021 received notice from New York child support. The Plaintiff has resided

in Cincinnati, Ohio for approx. 3 months.    New York child support never tried to establish child support while the Plaintiff lived in New York. The Document titled "RESTRAINING NOTICE FOR CHILD SUPPORT DEBT" does not have a signature which does not make this document a binding instrument. Exhibit X

57.     The Plaintiff petition Bronx, New York family court to modify payments. (Exhibit Z) 28 U.S.C. 1738B(e)- modify child support.

**LEGAL STANDARD**

58.     Every legal document must have a signature to bind the responsibility to both parties involved. 15 U.S.C. 7001(b)(1)- The General rule of validity; Rule of law, a signature is required under statue to make it a binding instrument.

59.     The Plaintiff Child Support case originated in North Carolina. The Plaintiff moved to Pensacola Florida and was paying partial support of minor child Shomari E Norman Jr. which is not reflected as payment to the rears of child support. The Plaintiff moved to Greensville South Carolina for over 6 months and did not make any payments to child support. Then the Plaintiff moved to Bronx, New York. The Plaintiff child support case was never transferred to New York. Hence, New York is trying to enforce child support when the Plaintiff lived in Cincinnati Ohio for over 3 months.

60.     Plaintiff was never notified to appear into Bronx Family court for payment of the rears of child support. (45 CFR 164.404(a)(1) Notification to individuals)

61.     Plaintiff petition New York Family court to modify child support. New York Family Court never read the Plaintiff request to try to modify child support based on both parent's income as required by law.    New York Family Court does not know the income of the other parent. 49 CFR 1155.27, Article 5; 28 U.S.C. 1738B (e).

62.     New York child support induced Chase bank to place a levy on the Plaintiff bank account (Exhibit Y) while he lived in Cincinnati, Ohio. Liens are used by banks, contractors and courts to ensure that property owner pay valid debts. The document written by New York child support office to Chase bank does not have a signature to bind the bank to place a lien on the Plaintiff Chase bank account.    12 CFR 701.39(4) Statutory liens.

63.     Plaintiff tried to modify child support in North Carolina- Article 5; Tit. 8 32784(a).

64.     North Carolina child support took funds out of the Plaintiff State Employee Credit Union account and did not report the monies as payments to the rears of minor child Shomari E Norman Jr. North Carolina child support obtained money by means of false and fraudulent pretense (18 U.S.C. Chapter 47 Fraud and False Statements [Exhibit B, C, D and E]

65.     The Plaintiff 14 Amendment rights has been violated by the Defendants. The Plaintiff is a United States Disabled Combat Veteran; who has Honorable served In Operation Iraqi Freedom and Operation Iraqi Enduring Freedom. The Plaintiff has received a Unit Citation from the UNITED STATES President. Under the 14 Amendment, the Plaintiff has the right to have Equal Protection under the LAW.

66. The Defendant are inducing the Plaintiff to give up rights that are protected by law. There are no notice of hearings requesting for the Plaintiff to appear into the Bronx, New York family court. 20 CFR 725.453- All parties shall be given at least 30-day notice of the date and place of a hearing in the matter to resolve the issue that is at hand.

67. 20 CFR 404.938(1)(2)(3)- Notice of hearing before an administrative law judge (Exhibit X) New York child support never summoned the Plaintiff into court.

68. The Defendants obtained the Plaintiff personal information to defame his name and character (Section 2332b(g)(5)(B). The Defendants knowingly used the Plaintiff personal information that produced unauthentic fraudulent documents to impede upon the rights of the Plaintiff (18 U.S.C. 1028(a)(1)(2)(3). Plaintiff Exhibits B, C, D, E, Q, Y, X.

69. The Defendants knowingly produce fraudulent documents that are recorded on public record to the Plaintiff, the Plaintiff State Employee Credit Union and Chase Bank (Exhibits B, C, D, X, Y). 18 U.S.C. 1028(a)(1)(2)(3)(4)(5) Fraud and related activity in connection with Identification documents, authentication.

70. Even when the Plaintiff was in good standings with North Carolina child support an infraction was placed on the Plaintiff credit score (Exhibit K). These infractions slandered the Plaintiff credit. North Carolina child support violated the Consumer Credit Act. Which infringed upon the rights of the Plaintiff (26 U.S.C. 7206(1)(3) Fraud and False Statements).

## EXHAUSTION OF LEGAL REMEDIES

71. The Plaintiff filed a Motion 50b to rectify Attorney Hopkins false statement made before the court. Exhibit N

72. When the Plaintiff lived in Raleigh, North Carolina, he tried to remodify his child support. Exhibit H

73. Plaintiff filed a lawsuit against North Carolina child support and Attorney Hopkins. The Federal Judge overseeing the case never dismiss North Carolina child support from the case even thou the case is closed (5:18-CV-343-D).

74. When the Plaintiff lived in Cincinnati, Ohio, New York child support tried to enforce child support payment. When the Plaintiff lived in New York, New York child support never summon the Plaintiff to appear into court. Even when the Plaintiff received the enforce child support document from New York while living in Cincinnati, Ohio for over 3 months, he never received proper notice to appear into court as regulated by law. The Plaintiff tried to modify his child support. Thus, New York child support did not properly review the Plaintiff modification documents. (Exhibit Z); 28 U.S.C. 1738(e).

## CLAIM FOR RELIEF

75. It's Unfair or deceptive for any collection method to violate the law by using unethical practices

to collect fees or debts against any citizen in the United States. Every institution is obligated by law to follow Federal rules and procedures.

76. Fair Debt Collection Practices Act ensures the public the prescribe business transaction is legal and complies with Title X 124 Statue 2092.

77. Defendants subjected the Plaintiff to unwelcome conduct withdrawing funds from the Plaintiff State Employee Credit Union account and not reporting such activities as payment to thee rears of minor child Shomari E Norman Jr.

78. The Defendants reported false information to the credit bureau for over 3 years.   Which has affected the Plaintiff employment opportunities, and housing.

79. The Plaintiff multiple inquires and or complaints to the Child Support to modify support of minor child did not cause the Defendants to rescind the "New" child support payment level.

80. The New York child support induce the Plaintiff to still pay the same child support payment level even when New York child support received noticed that Funds was taken out of the Plaintiff State Employee Credit Union and was not recorded as payment to the rears. Further, the Plaintiff is not working because of his disabilities. 28 U.S.C. 1738B (2)(A). Custodial parent never fail child support to be transferred to the state the minor child Shomari E Norman Jr resides.

81. The Defendants unlawful actions were intentional, willful, malicious, and done with reckless disregard to the Plaintiff rights under the color of law.

82. The Defendants defamed the Plaintiff through publication. (Fair Consumer Act)

83. The Plaintiff reasonably believe that these actions by the Defendants are unlawful and against Federal laws and the United States Constitution.

84. As a result of the Plaintiff complaints and legal action, the Defendants took unlawful actions against the Plaintiff to make the Plaintiff "Suffer" in silence. The Defendants retaliated against the Plaintiff and have been trying to induce the Plaintiff to give up his rights.

85. As direct, legal and proximate result of slander, defamed character and embezzlement, the Plaintiff has sustained economic and emotional damages resulting in damages in an amount of $250,000,000.00.   The Plaintiff has spent over 5 years trying to modify and reduce his child support payment after losing his job and not able to acquire a job. The Plaintiff was denied child support modification.

86. 42 U.S.C. 1981(a)   Provides "[a] person within the jurisdiction of the United States shall have the dame right in every State and Territory to make and enforce contracts, sue, be parties, give evidence and to the full and equal benefit of all laws and proceedings for the security of person(s) and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, license and exactions of every kind and to no other".

87. The Plaintiff is in the jurisdiction of the United States

88. The Defendants illegal practices is severe and has damage to Plaintiff directly and has created an atmosphere of discrimination against his rights.

## PRAYER FOR RELIEF

89. The Defendants actions, policies and practices are unlawful.

90. For the funds that were taken out of North Carolina child support that was not recorded as payment to the rears of minor child Shomari E Norman Jr.

91. For compensation damages of fraudulent claims on the Plaintiff credit report.

92. For compensation damages for the Plaintiff emotional pain and suffering in the amount of $250,000,000.00

93. For punitive damages in the amount of 25,000,000.00

94. For lost employment opportunities because the Plaintiff credit report was slandered by the Defendants.

95. For the Defendants engaging in unlawful acts and impeding upon the rights of the Plaintiff.

96. For such other and further relief as the Court deems just and proper.

Dated 14 March 2022


Respectfully

Shomari E Norman

*Shomari E Norman*

       Plaintiff (Pro Se)